UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEPP ELECTRIC COMPANY, INC., | ) | Case No.: 1:20 CV 452 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| RUSTY BOYER, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Non-Party John Mattingly's ("Mattingly") Motion to Quash (ECF No. 17) and Plaintiff Shepp Electric Company's ("Plaintiff" or "Shepp Electric") Motion to Compel (ECF No. 18). For the reasons that follow, the court grants in part and denies in part Mattingly's Motion to Quash (ECF No. 17) and grants in part and denies in part Shepp Electric's Motion to Compel (ECF No. 18). Specifically, the court grants Mattingly's Motion to Quash as to document request number one and document request number four, and denies Mattingly's Motion to Quash as to document request numbers two, three, and five. Conversely, the court grants Shepp Electric's Motion to Compel as to document request number two and document request number three, and denies Shepp Electric's Motion to Compel as to document request number one, document request number four, and document request number five.

## I. BACKGROUND

Shepp Electric is an Ohio corporation, which sells and installs residential and commercial generators in northeastern Ohio and western Pennsylvania. (Compl. ¶ 1, ECF No. 1.) In addition,

Shepp Electric is one of the largest Generac brand standby generator dealers in this area. (*Id*.) Defendant Rusty Boyer ("Boyer") is a former employee of Shepp Electric who was terminated in 2006 for "[stealing] a transfer switch, having a personal firearm/handgun in a company vehicle without permission, and conducting personal business on company time." (*Id*. ¶ 3.) In 2013, nearly 7 years after Boyer was terminated by Shepp Electric, Boyer and John Mattingly ("Mattingly") started a Generac dealership named Your Generator Connection, LLC. (Ex. B to Opp'n at PageID #87, ECF 18-2.) Six years later, Boyer changed the business name to Generator One LLC ("Generator One"). (*Id*. at PageID #96.) Boyer is currently listed as the President of Generator One, and Mattingly is identified as the Vice President. (Notice of Discovery Dispute at PageID #152, ECF No. 24.) The main thrust of Shepp Electric's claims against Boyer is that Boyer improperly registered the internet domain name "sheppelectric.com" with GoDaddy.com in an effort to obtain business that was intended to go to Shepp Electric. (Compl. ¶¶ 3–4, ECF No. 1.) Specifically, Shepp Electric alleges that Boyer "caused internet searches for "sheppelectric.com" to result in a transfer to his or his company's website." (*Id*. ¶ 10(i).)

On June 26, 2020, Plaintiff issued a subpoena (the "Subpoena") to Mattingly, a non-party to this action, requesting documents dating back to January 1, 2010. (ECF No. 17-1.) On July 10, 2020, through counsel, Mattingly sent a detailed list of objections to the Subpoena to Shepp Electric. (Mattingly's Reply at PageID #103, ECF No. 19.) After attempting to work with Shepp Electric to pare down the scope of the Subpoena, Mattingly filed the instant Motion to Quash. In response, Plaintiff filed a Motion to Compel.

## II. LAW AND ANALYSIS

It is established that "[t]he scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is subject to the general relevancy standard applicable to discovery under

Fed.R.Civ.P. 26(b)(1)." *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, No. 1:11-CV-2074, 2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) (internal citation omitted). Additionally, Rule 45 (c)(3)(A) instructs, in relevant part, that a court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Whether a subpoena imposes an "undue burden" upon a witness depends on the facts of the case and "turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). However, "[i]f any documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing." *F.T.C. v. Trudeau*, No. 5:12-MC-35, 2012 WL 5463829, at *2 (N.D. Ohio Nov. 8, 2012). Lastly, Rule 45(d)(2)(B)(i) authorizes a party to file a motion to compel after an objection is made to the subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i).

In the instant case, Shepp Electric's Subpoena is divided into five separate document requests. Consequently, the court will consider each request in turn.

### 1. Document Request No. 1

The first document request seeks all documents that Mattingly has sent to or received from an itemized list of individuals and entities since January 1, 2010. (Subpoena ¶ 1, ECF No. 17-1.) Mattingly responded with a list of detailed objections based on relevance, breadth, and privilege grounds, which address each request on Shepp Electric's itemized list. (Ex B. to Pl.'s Reply at PageID #117–118, ECF 20-2.) Additionally, Mattingly argues that this request is unduly burdensome

because it seeks documents that precede the date that Boyer allegedly improperly acquired the "sheppelectric.com" domain name. (*Id*. at PageID #117.) Shepp Electric responded by reducing the time frame of the Subpoena from 10 years to 7 years. (Mot. to Quash at PageID #89, ECF No. 17.) After reviewing the pleadings and the representations of counsel, the court finds that Shepp Electric's blanket request for "all documents" that Mattingly has sent or received is overly broad and places an undue burden on Mattingly and would inevitably require production of irrelevant documents. Therefore, the court sustains Mattingly's objections to document request number one. To overcome the objection, Shepp Electric must define the particular topics or subjects that are contained in the documents that it seeks in this request with more specificity so that Mattingly can reasonably distinguish relevant documents from irrelevant documents.

### 2. Document Request No. 2

The second document request seeks documents that reflect the number of standby generators that Mattingly or his business, Mattingly Brothers Inc. ("Mattingly Brothers"), has installed on behalf of any entity that Rusty Boyer has an interest in, dating back to January 1, 2010. (Subpoena ¶ 2, ECF No. 17-1.) In addition to the number of installations, Shepp Electric also requests the date, location, and description of the installations. (*Id.*) Mattingly objected to this request asserting that "[i]f Plaintiff wants records from Mattingly Brothers Inc., Your Generator Connection LLC, Generator One LLC, . . . he should subpoena those legal entities or not, Mr. Mattingly as an individual." (Mattingly's Reply at PageID #104, ECF 19.) Further, Mattingly asserts that the information requested is "clearly proprietary in nature." (*Id*.) The court disagrees. Mattingly offers no evidence indicating that the requested information constitutes a trade secret. In fact, as Shepp Electric points out, this request does not even ask for the name of Mattingly's customers. (Pl.'s Reply at PageID #110, ECF 20-2.) Because this request is plainly relevant to Shepp Electric's allegation that Boyer

has engaged in unfair competition by misrepresenting the number of installations made by him, the court orders Mattingly to produce all documents that are in his possession and responsive to document request number two. However, to the extent that the requested documents are not in Mattingly's possession and control, it would be incumbent upon Shepp Electric to request the documents from the relevant business entity if it intends to pursue the matter. Likewise, to the extent that the requested documents might reveal Mattingly's customer information, such production shall be subject to Shepp Electric and Mattingly reaching an agreement on a protective order.

    3. Document Request No. 3.

The third document request seeks documents that memorialize the formation of any business by Boyer in which Mattingly or Mattingly Brothers has an interest. (Subpoena ¶ 3, ECF No. 17-1.) In response, Mattingly states that he "[could] provide [Shepp Electric] with the filings for [Your Generator Connection] and their Operating Agreement." (Ex B. to Pl.'s Reply at PageID #118, ECF 20-2.) But Mattingly never produced those documents or any other documents that are responsive to this request. Accordingly, the court orders Mattingly to produce all documents that are in his possession and responsive to document request number three.

    4. Document Request No. 4.

The fourth document request seeks documents that show yearly sales, profits, and losses for the past 10 years, for any business identified in response to document request number three. (Subpoena ¶ 3, ECF No. 17-1.) Mattingly asserts that he "has no such records in his individual capacity and same may be obtained from Mr. Boyer of YGC/Generator One." (Ex B. to Pl.'s Reply at PageID #118, ECF 20-2.) After reviewing the record, it appears that this request is duplicative of Shepp Electric's request for documents that were recently issued to Boyer. (Boyer's Responses to Shepp Electric's Request for Documents at PageID #180, ECF 24-2.) Consequently, the court

sustains Mattingly's objection to this document request because this request is duplicative and overly burdensome. *See Kessler v. Palstar, Inc.*, No. 3:11-CV-35, 2011 WL 4036689, at *2 (S.D. Ohio Sept. 9, 2011) (explaining that "[r]equiring a non-party to obtain the same documents requested from the [d]efendant is overly burdensome"). However, Shepp Electric will not be precluded from seeking such documents from Mattingly or Mattingly-related entities should Shepp Electric's request for documents that it sent to Defendant Boyer be proven to be inadequate.

5. Document Request No. 5.

Finally, the fifth document request seeks documents that reflect or memorialize any disagreement between Mattingly and Boyer. In response, counsel for Mattingly states that "Mr. Mattingly is unaware of any such document." (Ex B. to Pl.'s Reply at PageID #118, ECF 20-2.) In light of Mattingly's response to this request, the court finds that document request number five has been appropriately responded to. However, should Mattingly discover any documents that are responsive to this request, the court orders him to produce such documents in a supplemental production.

### III. CONCLUSION

For the foregoing reasons, Mattingly's Motion to Quash (ECF No. 17) is granted in part and denied in part, and Shepp Electric's Motion to Compel (ECF No. 18) is granted in part and denied in part.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 24, 2021