UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEPP ELECTRIC COMPANY, INC., | ) | CASE NO. 1:20-cv-00452-SO |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | ANSWER OF DEFENDANT |
| | ) | GENERATOR ONE, LLC TO THE |
| RUSTY BOYER, *et al.*, | ) | FIRST AMENDED COMPLAINT |
| | ) | AND COUNTERCLAIM |
| Defendants. | ) | |
| | ) | (Jury Demand Endorsed Hereon) |

Defendant Generator One, LLC ("Defendant" or "Generator One"), by and through its attorneys, for its Answer to the First Amended Complaint ("Complaint") states and alleges as follows:

INTRODUCTION AND PARTIES

1. Defendant admits only that at certain times Plaintiff Shepp Electric Company, Inc. ("Plaintiff" or "Shepp Electric") has had its principal place of business in Geauga County, Ohio, and has sold and installed residential generators; further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the Complaint.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Defendant admits only that Rusty Boyer ("Boyer") resides in this judicial district, Boyer was a former Shepp Electric employee, and Boyer's employment with Shepp Electric terminated in 2006; further answering, Defendant denies the remaining allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits only that on January 4, 2019, Daniel A. Thompson, Esq. sent a letter to Boyer alleging certain violations of 15 U.S.C. § 1125, and Boyer thereafter sent a certain letter to Daniel A. Thompson, Esq.; further answering, Defendant denies the remaining allegations set forth in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Defendant admits that Generator One is an Ohio limited liability company, John Mattingly and Boyer are the shareholders of Generator One, Boyer is the President of Generator One, and John Mattingly is the Vice President of Generator One.

6. Defendant denies the allegations set forth in paragraph 6 of the Complaint.

## VENUE AND JURISDICTION

7. In response to paragraph 7 of the Complaint, Defendant admits only that Plaintiff has filed the Complaint in this action and denies all remaining allegations.

8. Defendant admits only that this Court has subject matter jurisdiction over Plaintiff's federal law claims; further answering, Defendant denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, Defendant admits only that Boyer resides in this judicial district and Generator One has its principal office in this judicial district.

10. In response to paragraph 10 of the Complaint, Defendant admits only that venue is proper.

## ALLEGED FACTS

11. Defendant admits only that at a certain time Boyer and John Mattingly started a Generac™ dealership in Mentor, Ohio, using the tradename Your Generator Connection; further

answering, Defendant denies the remaining allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

## COUNT ONE

14. In response to the allegations set forth in paragraph 14 of the Complaint, Defendant adopts by reference as if fully rewritten the preceding paragraphs of his Answer.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint.

## COUNT TWO

23. In response to the allegations set forth in paragraph 23 of the Complaint, Defendant adopts by reference as if fully rewritten the preceding paragraphs of his Answer.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

## COUNT THREE

30. In response to the allegations set forth in paragraph 30 of the Complaint, Defendant adopts by reference as if fully rewritten the preceding paragraphs of his Answer.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

## COUNT FOUR

34. In response to the allegations set forth in paragraph 34 of the Complaint, Defendant adopts by reference as if fully rewritten the preceding paragraphs of his Answer.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

## COUNT FIVE

37. In response to the allegations set forth in paragraph 37 of the Complaint, Defendant adopts by reference as if fully rewritten the preceding paragraphs of his Answer.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

43. Defendant adopts by reference as if fully rewritten the preceding paragraphs of his Answer, and Defendant denies each and every allegation of the Complaint not expressly admitted to be true herein and hereby demands specific proof thereof.

44. The Complaint, in whole or in part, fails to state a claim against Defendant upon which relief may be granted.

45. Plaintiff lacks standing to assert some or all of the claims of the claims made against Defendant.

46. Some or all of the claims asserted against Defendant are barred because Defendant acted in good faith.

47. Some or all of the claims asserted against Defendant are barred, in whole or in part, by applicable statutes of limitation.

48. Some or all of the claims asserted against Defendant are barred by the equitable doctrines of laches, settlement, breaches of representations and warranties, accord and satisfaction, release, discharge, waiver, equitable estoppel, promissory estoppel, consent, acquiescence, or implied consent.

49. Some or all of the claims asserted against Defendant are barred by the doctrine of unclean hands.

50. Some or all of the claims asserted against Defendant are barred because Defendant's trade names and/or marks do not cause a likelihood of confusion that is detrimental to Plaintiff.

51. Some or all of the claims asserted against Defendant are legally defective and unsustainable as Plaintiff has failed to sustain compensable damages or has sustained only nominal or *de minimis* damages.

52. Defendant is not liable to Plaintiff as Plaintiff's damages, if any, were not proximately caused by Defendant's conduct.

53. Defendant is not liable to Plaintiff as Plaintiff's damages, if any, were proximately caused by Plaintiff's own acts and/or omissions.

54. Some or all of the claims asserted against Defendant are barred based on Plaintiff's failure to mitigate damages and/or by the doctrine of avoidable consequences.

55. Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant's conduct is privileged and justified.

56. Plaintiff's claims against Defendant are barred, in whole or in part, because Defendant properly acted in fair competition with Plaintiff.

57. Some or all of the claims asserted against Defendant are barred on the grounds of unconscionability and because granting Plaintiff the relief it requests would be inequitable.

58. Defendant respectfully reserves the right to amend his Answer, including the right to assert additional defenses, counterclaims, and/or third-party claims, as investigation and discovery may warrant.

WHEREFORE, Defendant Generator One, LLC demands that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs.

COUNTERCLAIM

Defendant and Counterclaim Plaintiff Generator One, LLC ("Generator One"), by and through its attorneys, for its Counterclaim against Plaintiff Shepp Electric Company, Inc. ("Shepp Electric") states and alleges as follows:

1. Shepp Electric is an Ohio corporation and a Generac™ dealer located in Geauga County, Ohio.

2. Generator One is an Ohio limited liability company and a Generac™ dealer with its principal place of business located in Mentor, Ohio.

3. Generator One was formerly known as Your Generator Connection, LLC.

4. Rusty Boyer is the President of Generator One and John Mattingly is the Vice President of Generator One.

5. John Mattingly is also the owner of Mattingly Brothers, Inc., an Ohio corporation located in Mentor, Ohio, which provides electrical contracting services.

6. On November 9, 2013, through its President Rusty Boyer, Generator One acquired and registered the internet domain of "sheppelectric.com" with GoDaddy.com, a registrar located in Delaware.

COUNT ONE: BREACH OF SETTLEMENT AGREEMENT

7. Generator One restates the preceding allegations of its Counterclaim and incorporates the same as if fully rewritten.

8. On or about November 7, 2013, Shepp Electric filed a civil complaint against Rusty Boyer, Nathan Shepp, and Your Generator Connection, LLC n/k/a Generator One in the Lake County Court of Common Pleas, Case No. 13CV002404 (the "Lawsuit"). With respect to the Lawsuit:

7

a. Craig Shepp was at that time, and continues to be, the sole owner of Shepp Electric.

b. Nathan Shepp is the son of Craig Shepp.

c. Nathan Shepp had been an employee of Shepp Electric.

d. While at Shepp Electric, Nathan Shepp was trained and employed to install, service, and maintain Generac™ generators.

e. Craig Shepp terminated the employment of his son, Nathan Shepp, at Shepp Electric.

f. Because Nathan Shepp was in need of employment to support him and his family, he sought and obtained employment at Your Generator Connection, LLC.

g. Shepp Electric alleged, among other things, that Craig Shepp had his son, Nathan Shepp, execute a non-competition agreement with Shepp Electric, and that by accepting employment at Your Generator Connection, LLC, Nathan Shepp was in breach of his non-competition agreement with Shepp Electric.

h. Shepp Electric alleged in the Lawsuit, among other things, that Rusty Boyer and Your Generator Connection, LLC tortiously interfered with the non-competition agreement between Shepp Electric and Nathan Shepp by hiring Nathan Shepp to work at Your Generator Connection, LLC.

i. Shepp Electric, among other things, sought to enjoin Nathan Shepp from working at Your Generator Connection, LLC and also sought money damages from Nathan Shepp, Rusty Boyer and Your Generator Connection, LLC.

j. Nathan Shepp filed a counterclaim against Shepp Electric, including a claim of religious discrimination alleging wrongful termination for having left the Jehovah's Witnesses.

k. Rusty Boyer filed a counterclaim against Shepp Electric.

l. Your Generator Connection, LLC filed a counterclaim against Shepp Electric.

    m. Nathan Shepp, Rusty Boyer, and Your Generator Connection, LLC sought leave to add Craig Shepp as a party to their counterclaims against Shepp Electric.

    n. The Lawsuit was dismissed with prejudice on July 28, 2014, pursuant to a confidential Final Settlement Agreement and Release of All Claims between Shepp Electric and Craig Shepp, on the one hand, and Nathan Shepp, Rusty Boyer, John Mattingly, Your Generator Connection, LLC (n/k/a Generator One) and Mattingly Brothers, Inc., on the other hand (the "Settlement Agreement").[1]

    o. The Settlement Agreement was executed by Craig Shepp and Shepp Electric on August 6, 2014.

    p. Although Generator One through its President Rusty Boyer had acquired and registered the internet domain of "sheppelectric.com" on November 9, 2013, and continued to own and control the internet domain of "sheppelectric.com," at the time of the Settlement Agreement, Craig Shepp and Shepp Electric did not require Rusty Boyer and Generator One to cease and desist from ownership, control and use of the internet domain of "sheppelectric.com" as a condition of the Settlement Agreement.

9. Shepp Electric is asserting claims against Generator One and its President, Rusty Boyer, for cybersquatting in violation of 15 U.S.C. § 1125(d) claims and for violation of Section 43 of the Lanham Act, as set forth in Counts One and Two of its First Amended Complaint, based on Generator One's acquisition, registration, control, and use of the internet domain of "sheppelectric.com" with GoDaddy.com, a registrar located in Delaware, commencing on November 9, 2013 and continuing through and after the date of the Settlement Agreement.

10. In the Settlement Agreement:

    a. Shepp Electric agreed to a "full and <u>complete</u> waiver, release and discharge of any and all claims that any Party has or might have against any other Party" to the Settlement Agreement and irrevocably and unconditionally forever

---

[1] A copy of the Settlement Agreement is not attached due to the confidentiality provision; however, Shepp Electric, as a party to the Lawsuit and the Settlement Agreement, has a copy of the Settlement Agreement.

9

    waived, released and discharged Your Generator Connection, LLC n/k/a Generator One and its President, Rusty Boyer, from <u>any and all actions</u>, omissions, events, charges, complaints, claims, causes of action, demands, disputes, damages, business expenses, attorneys' fees, costs, losses and liabilities of <u>any kind or nature whatsoever</u> occurring before the execution of the Agreement, whether known or unknown, suspected or unsuspected, asserted or unasserted in the Lawsuit, which Shepp Electric had, claimed to have, may have, or in the future shall claim to have against Your Generator Connection, LLC n/k/a Generator One and its President, Rusty Boyer, including but not limited to any claims for interference for prospective economic advantage or contractual relations, unfair business practices, unfair competition, or other tort arising under any federal, state or local law, statute, ordinance, rule or regulation or Executive Order (Settlement Agreement at Recitals, Paragraphs 7, 8 and 10, emphasis added).

b. Shepp Electric warranted, represented, and agreed that Shepp Electric shall not seek any further compensation from Your Generator Connection, LLC n/k/a Generator One and its President, Rusty Boyer, for any other claims damages, losses, liabilities, costs or attorneys' fees in connection with the matters encompassed in or relating to the Settlement Agreement and would not file in any federal, state or local agency, court, or forum any other actions against the Parties to the settlement agreement or their officers, directors, affiliated entities, agents, vendors, former or current employees, attorneys or representatives (Settlement Agreement at paragraphs 4 and 5).

c. Shepp Electric agreed that the Settlement Agreement was made and entered into in the State of Ohio and shall in all respects be interpreted, enforced and governed under the laws of the State of Ohio, without regard to its conflicts of law provisions (Settlement Agreement at paragraphs 18).

d. Shepp Electric agreed that Your Generator Connection, LLC n/k/a Generator One and its President, Rusty Boyer, had the right to bring an action against Shepp Electric for a breach of the terms of the Settlement Agreement and to pursue all remedies in law or equity (Settlement Agreement at Paragraphs 6 and 19).

e. Shepp Electric warranted and represented that Shepp Electric understood the terms and scope of the release provided to Your Generator Connection, LLC n/k/a Generator One and its President, Rusty Boyer, in the Settlement Agreement, Shepp Electric knowingly and voluntarily agreed to and intended to be legally bound by all of the terms and provisions of the Settlement

        Agreement, and Shepp Electric had been advised in writing to consult with an attorney of its choice and had done so (Settlement Agreement at Paragraph 10).

    f. Shepp Electric agreed that if, at any time, it violated any term or provision of the Settlement Agreement, the other parties to the agreement have the right to seek specific performance of the term or provision and any other necessary and proper relief including but not limited to damages or injunctive relief (Settlement Agreement at Paragraph 19).

    g. Shepp Electric agreed that the Settlement agreement inures to the benefit of the parties to the agreement and their successors and assigns (Settlement Agreement Paragraph 12).

11. Pursuant to the terms of the Settlement Agreement, Shepp Electric irrevocably and unconditionally forever waived, released and discharged Generator One and its President, Rusty Boyer, from any disputes, demands, claims, causes of action, and liabilities arising from Generator One's registration, ownership, control, and use of the internet domain of "sheppelectric.com," including any and all claims for cybersquatting in violation of 15 U.S.C. § 1125(d) and for violation of Section 43 of the Lanham Act, as set forth in Counts One and Two of its First Amended Complaint filed against Generator One in this action.

12. By asserting its claims for cybersquatting in violation of 15 U.S.C. § 1125(d) and for violation of Section 43 of the Lanham Act, as set forth in Counts One and Two of its First Amended Complaint filed against Generator One in this action, Shepp Electric has breached, and continues to breach, the terms of the Settlement Agreement, and Shepp Electric has agreed that Generator One has the right to bring this counterclaim against Shepp Electric under the Settlement Agreement for these breaches and to pursue all remedies in law or equity.

13. As a direct and proximate result of the foregoing breaches, Generator One has incurred and will continue to incur damages and expenses, including attorneys' fees, to defend itself against the very claims that were the subject of an irrevocable, unconditional, and forever

11

waiver, release and discharge provided by Shepp Electric to Generator One under the terms of the Settlement Agreement, all in an amount to be determined at any trial of this Counterclaim.

14. As Shepp Electric has deprived Generator One of the benefits of the consideration paid to Shepp Electric pursuant to the Settlement Agreement, Shepp Electric has forfeited and is required to repay this amount to Generator One.

COUNT TWO: VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT

15. Generator One restates the preceding allegations of its Counterclaim and incorporates the same as if fully rewritten.

16. Shepp Electric has violated Ohio Rev. Code § 4165.02 by: (a) passing off goods or services as those of another; (b) causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; (c) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; or (d) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

17. Examples of Shepp Electric's improper conduct includes:

   a. Its distribution to the public of false advertising that Generac™ is a division of Shepp Electric.

   b. Its distribution to the public of false advertising that GeneratorPros.com is a division of Shepp Electric.

   c. Its distribution to the public of false advertising that Shepp Electric is a "Generac™ Industrial Power" distributor.

   d. It utilization of digital "Generac™ Industrial Power" badges on the Shepp Electric website without approval for such use.

12

    e. Its distribution to the public of false advertisements and other communications that Shepp Electric is the area's "only 'Premier' authorized Generac™" dealer.

    f. Its distribution to the public of false advertisements and other communications that Shepp Electric is the area's only "Generac™ PowerPro Premier dealer."

    g. Its distribution to the public of false advertisements that Shepp Electric never uses subcontractors.

    h. Its distribution to the public of false advertisements to existing and prospective customers of Generator One that Generator One does not have required licensing.

    i. Its distribution to the public of false advertisements to existing and prospective customers of Generator One that Generator One's work is not covered by insurance.

18. On three consecutive occasions, counsel for Shepp Electric prematurely, unilaterally, and without valid cause, terminated the Fed. R. Civ. P. 30(b)(5) depositions of Shepp Electric and the individual deposition of its President Craig Shepp, which unfairly and improperly impeded Generator One's ability fully discover facts relevant to this Count—all rights to further supplement the allegations in support of this Count are reserved pending the completion of those depositions.

19. Shepp Electric's deceptive trade practices have damaged Generator One and caused it irreparable harm, which will continue unless Shepp Electric is enjoined by the Court.

20. Pursuant to Ohio Rev. Code § 4165.03, Generator One seeks a temporary restraining order, preliminary injunction, and permanent injunction which requires Shepp Electric, and all those acting in concert with it, to cease violating Ohio Rev. Code § 4165.02.

21. As a direct and proximate result of Shepp Electric's deceptive trade practices, Generator One has suffered and will continue to suffer damages in an amount to be proven at trial.

COUNT THREE: UNFAIR COMPETITION

22. Generator One restates the preceding allegations of its Counterclaim and incorporates the same as if fully rewritten.

23. Shepp Electric's unlawful activities, as described above, constitute unfair competition under Ohio law.

24. Shepp Electric's actions have damaged Generator One in the form of, *inter alia*, lost sales, interference with existing and prospective business relationships, and loss of goodwill.

25. Shepp Electric's unfair competition has damaged Generator One and caused it irreparable harm, which will continue unless Shepp Electric is enjoined by the Court.

26. As a direct and proximate result of Shepp Electric's conduct, Generator One has suffered and will continue to suffer damages in an amount to be proven at trial.

WHEREFORE, Generator One, LLC requests judgment in its favor and against Shepp Electric Company, Inc. on its Counterclaim as follows:

(A)  As to Count One of the Counterclaim, Generator One, LLC demands an award of compensatory damages including the amount of expenses, incurred and to be incurred, to defend itself against the very cybersquatting claims that were the subject of the irrevocable, unconditional, and forever waiver, release and discharge provided by Shepp Electric Company, Inc. to Generator One, LLC under the terms of the Settlement Agreement and that are being asserted against Generator One in Counts One and Two of the First Amended Complaint, and a forfeiture award in the amount of the consideration paid by Generator One, LLC to Shepp Electric Company, Inc. pursuant to the terms of the Settlement Agreement;

(B)  As to Count Two of the Counterclaim, a temporary restraining order, preliminary and permanent injunction that requires Shepp Electric and all those acting in concert with it to cease violating Ohio Rev. Code § 4165.03 and an award of compensatory and punitive damages, costs, and attorneys' fees in an amount to be proven at trial.

14

    (C)    As to Count Three of the Counterclaim, an order enjoining Shepp Electric's unfair competition and an award of compensatory and punitive damages, costs, and attorneys' fees in an amount to be proven at trial.

    (D)    For such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Defendant and Counterclaim Plaintiff Generator One, LLC hereby demands a trial by jury for all claims and issues so triable.

Respectfully submitted,

*/s/ Theodore M. Dunn, Jr.*
THEODORE M. DUNN, JR. (0024195)
dunn@buckleyking.com
DAVID A. KUNSELMAN (0073980)
kunselman@buckleyking.com
Buckley King LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, OH 44114-2652
(ph.) 216-685-4743 • (fax) 216-579-1020

*Counsel for Defendants,*
*Rusty Boyer and Generator One, LLC*

15

CERTIFICATE OF SERVICE

     I certify that on September 3, 2021, the foregoing *Answer of Defendant Generator One to the First Amended Complaint and Counterclaim* was filed electronically in the above captioned action. Notice of this filing will be sent by operation of the Court's electronic filing system to Plaintiff's counsel, who may access this filing through the Court's system.

                                          */s/ Theodore M. Dunn. Jr.*
                                          THEODORE M. DUNN, JR. (0024195)
                                          *Counsel for Defendant Rusty Boyer*

2520726_2