UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEPP ELECTRIC COMPANY, INC., | ) | CASE NO. 1:20-cv-00452-SO |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | DEFENDANTS' MEMORANDUM IN |
| | ) | OPPOSITION TO PLAINTIFF'S MOTION |
| RUSTY BOYER, *et al.*, | ) | FOR CIV. R. 11 SANCTIONS |
| | ) | |
| Defendants. | ) | |

Defendants, Rusty Boyer and Generator One, LLC, filed a Motion To Show Cause For Improper Deposition Inquiry Into Privilege-Protected Mediation Communications and a Confidential Settlement Agreement. (Doc # 64: Motion to Show Cause). In response, Plaintiff Shepp Electric Company, Inc. and its attorney filed their Opposition to Defendants' Motion to Show Cause Why They Should Not Be Held in Contempt of Court. (Doc # 66). Defendants filed their Reply to Plaintiff and Its Attorney's Opposition to Defendants' Motion to Show Cause Why They Should Not Be Held in Contempt of Court. (Doc # 69). Plaintiff incorporated a Motion for Civ. R. 11 sanctions in its Opposition to Defendants' Motion to Show Cause Why They Should Not Be Held in Contempt of Court. (Doc # 66). Defendants incorporate the legal arguments and evidence in support of their Motion to Show Cause (Doc # 64) and the legal arguments in support of their Reply (Doc # 69) by reference as if fully rewritten in this Memorandum in Opposition to Plaintiff's Motion for Civ. R. 11 sanctions.

Even though this Court has yet to rule on the merits of Defendants' Motion to Show Cause, Plaintiff and its attorney, Stewart D. Roll, have deemed it appropriate to predetermine this Court's ruling and to request that the Court enter Civ. R. 11 sanctions against counsel for Defendants based on their predetermination that this Court has no option but to deny Defendants'

Motion to Show Cause. Defendants respectfully submit that this Court retains the discretion to grant Defendants' Motion to Show Cause in whole or in part.

If, as Defendants request, this Court does grant Defendants' Motion to Show Cause, then Plaintiffs' Motion for Civ. R. 11 sanctions is effectively moot and should be denied.

Alternatively, even assuming that the Court decides to deny Defendants' Motion to Show Cause in whole or in part, Defendants did not violate Civ. R. 11. First, Plaintiff has admitted the facts cited in Defendants' Motion to Show Cause. Second, Plaintiff does not dispute the law cited by Defendants. The mere circumstance that the parties disagree about the application of undisputed facts to the relevant law is not a basis for an award of Civ. R. 11 sanctions against the attorney for the non-prevailing party. If that were the case, virtually every motion would be subject to an award of Civ. R. 11 sanctions. That is neither the intent nor purpose underlying Civ. R. 11.

Lastly, Plaintiff's Civ. R. 11 motion is procedurally defective and therefore must be denied by this Court. Civ. R. 11 sets forth three requirements for a motion for sanctions: (1) it shall be made separately from other motions or requests; (2) it shall describe the specific conduct alleged to violate Civ. R. 11(b); and (3) it must be served under Civ. R. 5, but shall not be filed with, or presented to, the court unless it is done within 21 days after service or within another timeframe set by the court. Fed. R. Civ. P. 11(c)(2). Plaintiff's Motion for sanctions fails on all three fronts.

To begin with, Plaintiff did not "describe the specific conduct alleged to violate Civ. R. 11(b)." *Id*. Instead, Plaintiff reiterated the statutes but made no effort to explain how Defendants are in violation of the Civ. R. 11(b). Furthermore, rather than filing the Motion for sanctions separately from other motions or requests, Plaintiff incorporated it as part of its opposition to

Defendant's Motion to Show Cause. (Doc # 66). Courts have repeatedly denied Civ. R. 11 sanctions when they were filed together with other motions and requests. See *Reeves v. H.A. Redmond Co.*, N. D. Ohio No. 1:98-cv-1773, 2007 U.S. Dist. LEXIS 40402 (June 4, 2007) (the court found it improper to include the motion for sanctions within the movant's response to nonmovant's objections). See also *Barney v. Avis Rent A Car Sys.*, N. D. Ohio No. 1:06 CV 0863, 2007 U.S. Dist. LEXIS 40554 (May 31, 2007) (the court denied a Rule 11 motion when the movants submitted their joint requests for sanctions as part of their responsive briefing).

Additionally, Civ. R. 11 precludes filing a motion for sanctions for an alleged violation until the expiration of 21 days after service of the motion. See Plaintiff's authority *Patterson v. United Healthcare Ins. Co.*, N. D. Ohio No. 1:21-cv-00470, 2021 U.S. Dist. LEXIS 97461 * 6. (May 24, 2021). This Circuit has frequently held that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court". *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997). See also *Potts v. Am. Bottling Co.*, N. D. Ohio No. 5:12-CV-02688, 2015 U.S. Dist. LEXIS 6868 (Jan. 21, 2015) (the motion for sanctions is denied, as the movants failed to prove their compliance with the safe harbor requirement). In the present case, Plaintiff provided zero evidence for serving its Motion for sanctions to Defendants prior to the filing. This Motion should not have been presented to this Court since Plaintiff did not comply with the "safe harbor" procedural prerequisite.

For these reasons, Defendants request that the Court first rule on Defendants' Motion to Show Cause, and following this ruling enter an order denying Plaintiff's Civ. R. 11 Motion for sanctions.

Respectfully submitted,

*/s/ Theodore M. Dunn, Jr.*
THEODORE M. DUNN, JR. (0024195)
dunn@buckleyking.com
DAVID A. KUNSELMAN (0073980)
kunselman@buckleyking.com
Buckley King LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, OH 44114-2652
(ph.) 216-685-4743 • (fax) 216-579-1020

*Counsel for Defendants and Counterclaim Plaintiffs, Rusty Boyer and Generator One, LLC*

CERTIFICATE OF SERVICE

I certify that on October 1, 2021, the foregoing Defendants' Memorandum in Opposition to Plaintiff's Motion for Civ. R. 11 Sanctions was filed electronically in the above captioned action. Notice of this filing will be sent by operation of the Court's electronic filing system to Plaintiff's counsel, who may access this filing through the Court's system.

      /s/ Theodore M. Dunn, Jr.
*Counsel for Defendants and Counterclaim Plaintiffs, Rusty Boyer and Generator One, LLC*

2525818_3