UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEPP ELECTRIC COMPANY, INC., | ) | Case No.: 1:20 CV 452 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| RUSTY BOYER, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Non-Party John Mattingly's ("Mattingly") Motion to Quash the Subpoena to Mr. Dan Bialek, CPA ("Mattingly's Motion to Quash") (ECF No. 52); Defendants Rusty Boyer ("Boyer") and Generator One, LLC's ("Generator One") Motion to Quash the Subpoena to Mr. Dan Bialek, CPA ("Boyer and Generator One's Motion to Quash") (ECF No. 54). Also pending is Plaintiff Shepp Electric Company, Inc.'s ("Plaintiff" or "Shepp Electric") Motion to Compel the Production of Documents by Mr. Dan Bialek, CPA and to Require Mr. Bialek to Appear for a Deposition ("Motion to Compel") (ECF No. 55).

For the reasons that follow, the court grants the Motions to Quash (ECF Nos. 52, 54) and denies the Motion to Compel (ECF No. 55).

**I. BACKGROUND**

Shepp Electric is an Ohio corporation, which sells and installs residential and commercial generators in northeastern Ohio and western Pennsylvania. (Am. Compl. ¶ 1, ECF No. 48.) In

addition, Shepp Electric is one of the largest Generac brand standby generator dealers in this area. (*Id*.) Defendant Rusty Boyer ("Boyer") is a former employee of Shepp Electric who was terminated in 2006 for "[stealing] a transfer switch, having a personal firearm/handgun in a company vehicle without permission, and conducting personal business on company time." (*Id*. ¶ 3.) In 2013, nearly seven years after Boyer was terminated by Shepp Electric, he and non-party John Mattingly ("Mattingly") started a Generac dealership named Your Generator Connection, LLC. (*Id*. ¶ 11(d).) Six years later, Boyer changed the business name to Generator One, LLC ("Generator One"). (*Id*.) According to the Complaint, Boyer is the President of Generator One, and Mattingly is the Vice President. (*Id*. ¶ 5.) The main thrust of Plaintiff's claims against Boyer and Generator One is that Boyer improperly registered the internet domain name "sheppelectric.com" with GoDaddy.com in an effort to obtain business that was intended to go to Shepp Electric. (*Id*. ¶¶ 3–4, ECF No. 48.) Specifically, Plaintiff alleges that Boyer and Generator One "caused internet searches for 'sheppelectric.com' to result in a transfer to his or his company's website." (*Id*. ¶ 11(h).)

On August 3, 2021, Plaintiff issued a subpoena (the "Documents Subpoena") to Dan Bialek ("Bialek"), a non-party to this action. Mr. Bialek is the tax accountant for Defendants Generator One and Boyer, as well as non-party John Mattingly. In the Documents Subpoena, Plaintiff requests tax returns, financial statements, and other documents relating to the financial condition or assets of Generator One, Boyer, and Mattingly. (Documents Subpoena, ECF No. 55-1.) That same day, Plaintiff issued a second subpoena (the "Deposition Subpoena"), requesting Mr. Bialek's appearance at a deposition. (ECF No. 55-2.) On August 16, 2021, through counsel, Mattingly filed a Motion to Quash the Subpoena (ECF No. 52), asserting that the subpoenas are not relevant to any of Plaintiff's claims but rather are "just an end runaround subpoenaing non-party Mr. Mattingly by trying to get

the records from his accountant." (*Id*. at PageID #447.) Three days later, on August 19, 2021, Defendants Boyer and Generator One filed a separate Motion to Quash (ECF No. 54), which also maintains "that the requested documents are not relevant and properly discoverable and the subpoena imposes an undue burden on Mr. Bialek." (*Id*. at PageID #462.) On August 30, 2021, Plaintiff filed a combined Opposition (ECF No. 55) to the pending motions to quash, asking the court for an order compelling the discovery requested in the subpoenas. On September 7, 2021, Defendants Boyer and Generator One filed a Reply in Support of their Motion to Quash (ECF No. 62). On September 9, 2021, Mattingly filed a Reply in Support of his Motion to Quash (ECF No. 63).

## II. LAW AND ANALYSIS

It is established that "[t]he scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is subject to the general relevancy standard applicable to discovery under Fed.R.Civ.P. 26(b)(1)." *Cleveland Clinic Health Sys.-E. Region v. Innovative Placements, Inc.*, No. 1:11-CV-2074, 2012 WL 187979, at *2 (N.D. Ohio Jan. 23, 2012) (internal citation omitted). Additionally, Rule 45(c)(3)(A) instructs, in relevant part, that a court must quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Whether a subpoena imposes an "undue burden" upon a witness depends on the facts of the case and "turns on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). However, "[i]f any documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or

embarrassing." *F.T.C. v. Trudeau*, No. 5:12-MC-35, 2012 WL 5463829, at *2 (N.D. Ohio Nov. 8, 2012). Lastly, Rule 45(d)(2)(B)(i) authorizes a party to file a motion to compel after an objection is made to the subpoena. Fed. R. Civ. P. 45(d)(2)(B)(i).

### A. Standing

As an initial matter, the court finds that Defendants and non-party Mattingly have standing to challenge Plaintiff's Rule 45 subpoenas. As another court in this district has pointed out, "[c]ourts in the Sixth Circuit have consistently held that a party ordinarily has no standing to challenge a subpoena to a non-party without first showing a claim of privilege or personal privacy right exists in the information sought." *Simonoff v. Saghafi*, No. 1:17-CV-2574, 2018 WL 11306069, at *2 (N.D. Ohio May 18, 2018) (collecting cases). Several district courts in this Circuit have concluded that "[r]equests for personal bank records and personal and business tax records may constitute matters in which a party has personal rights and privileges." *PCA-Corr., LLC v. Akron Healthcare LLC*, No. 1:20-CV-428, 2021 WL 2043118, at *1 (S.D. Ohio May 21, 2021); *see also Hunter v. Shield*, No. 2:18-CV-1097, 2020 WL 6484055, at *12 (S.D. Ohio Nov. 4, 2020) (explaining that "[p]ersonal rights or privileges supporting a claim to standing have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records"). Here, the court finds that Generator One, Boyer, and Mattingly have standing to challenge the subpoenas to Mr. Bialek because the requested discovery would require disclosure of their tax records and other personal financial information, in which the court concludes they have a privacy interest. Accordingly, the court turns now to the merits of their challenges to the subpoenas.

### B. Document Requests

Plaintiff's Documents Subpoena is divided into six separate document requests. The court

will consider each request in turn.

### 1. Document Request No. 1.

Document Request No. 1 seeks tax returns—which were prepared by Mr. Bialek—for Generator One, Boyer, and Mattingly. (Documents Subpoena ¶ 1, ECF No. 55-1.) District courts in this circuit have explained that "when confidential documents, such as tax returns, are at issue, a subpoena issued to a third party, rather than the defendant, is given careful scrutiny." *PCA-Corr.*, at *4 (quoting *United States v. Gammo*, 428 F. Supp. 2d 705, 708 (E.D. Mich. 2006)); *see also Primrose Ret. Communities, LLC v. Omni Constr. Co., Inc.*, No. 1:18-MC-0130, 2019 WL 6771210, at *2 (N.D. Ohio Dec. 12, 2019) (explaining that "[w]hile tax returns are not privileged from civil discovery, a judicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns. Unnecessary disclosure of tax returns is to be avoided"). Here, Plaintiff asserts that the requested tax returns are relevant because both Boyer and Mattingly own an interest in Generator One, are paid directly by Generator One, and thus, their financial affairs are likely to be affected by their roles with the company. (Pl.'s Opp'n to Motions to Quash at PageID #494–496, ECF No. 55.) Further, Plaintiff also maintains that this information is discoverable because "the subpoenaed tax returns are relevant to show any claimed depreciation, income, or other tax deductions that Mattingly and these defendants may have received or claimed from Generator One or Mattingly Brothers." (*Id*. at PageID #496.) The court disagrees. As explained above, the claims in this case revolve around Defendants' alleged improper use of the "sheppelectric.com" internet domain name in an effort to obtain business that was intended to go to Shepp Electric. After considering the parties' arguments and carefully reviewing the allegations in Plaintiff's Amended Complaint, the court concludes that Plaintiff has not sufficiently shown there is any claim or defense

in this case related to either Mattingly's or the Defendants' taxes. Put differently, Plaintiff has failed to show how the requested tax returns could advance his contention that Defendants obtained business that was intended to go to Shepp Electric. Accordingly, the court grants the motions to quash with respect to document request number one.

### 2. Document Request Nos. 2 and 3.

Document Request Nos. 2 and 3 seek financial statements and other documents "relating to or referencing the financial condition," of Generator One, Boyer, and Mattingly. (Documents Subpoena ¶¶ 2–3, ECF No. 55-1.) Under Rule 45, a court may a quash a subpoena seeking confidential business information. *See PCA-Corrs.*', 2021 WL 2043118, at *5. However, courts have made clear that when addressing motions to quash regarding a claim of confidential financial information, "federal courts commonly place the burden on the party claiming the privilege of avoiding disclosure." *Id.*; *see also State Farm Mut. Ins. Co. v. Policherla*, No. 08-13939, 2009 WL 2170183, at *3 (E.D. Mich. July 20, 2009) (same). In order to carry their burden, the party seeking to avoid disclosure must "show[] that the information falls into a protected category and that disclosure may be harmful, then the burden shifts to the requesting party to establish relevance and the need for the information." *See PCA-Corrs.*', 2021 WL 2043118, at *5. Here, Defendants contend that they have "a protectable personal right in their financial information[,] . . . [and that] disclosure is harmful where, as here, Plaintiff is a direct competitor of Defendants." (Defs.' Reply at PageID #601, ECF No. 62.) Turning to the question of relevance, Defendants maintain that they "already produced records relating to the sale of generators to Plaintiff," which "are the only potentially relevant financial records relevant to the claims and defenses in this action." (Defs.' Mot. to Quash at PageID #467, ECF No. 54.) After considering the parties' arguments, the court concludes that

Plaintiff has failed to show how the discovery in Document Requests Nos. 2 and 3 could possibly advance any claims or defenses in this litigation. Indeed, even if some financial information could be relevant to Plaintiff's claims, the breadth of Plaintiff's requests far exceed the scope of discovery because it essentially asks for all of Defendants' and Mattingly's financial information. *See Gammo*, 428 F. Supp. 2d at 708 (quashing a subpoena seeking tax returns and other financial information after explaining that "while it might be theoretically possible to narrow and modify the document requests, it would be difficult for the Court to undertake that task, given that as framed, the subpoenas ask for virtually everything"). Accordingly, the court grants the motions to quash with respect to Document Request Nos. 2 and 3.

### 3. Document Request Nos. 4, 5, and 6.

Document Requests Nos. 4, 5, and 6 should also be quashed because Plaintiff has failed to show how they are relevant to the claims and defenses in this case. *See Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (explaining that "[i]f the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance but when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request"). The fourth document request seeks all "documents and things consisting of notes, correspondence, memoranda and other similar documents and tangible things prepared or created by you or your agent/employees," which relate to or reference Generator One, Boyer, and Mattingly. (Documents Subpoena ¶ 4, ECF No. 55-1.) This request is overly broad on its face because Plaintiff fails to define the particular topics or subjects that are contained in the documents that it seeks in this request with specificity so that Generator One, Boyer, and Mattingly can reasonably distinguish relevant documents from irrelevant

documents.

Document Requests Nos. 5 and 6 are similarly overly broad. Document Requests No. 5 seeks all "documents and things consisting of certificates of deposits, funds, stocks, bonds, debentures, negotiable instrument, trusts, securities or similar other things for the use, benefit or other purposes" of Generator One, Boyer, and Mattingly. (Documents Subpoena ¶ 5, ECF No. 55-1.) The sixth document request seeks documents that all "documents and things consisting of transfers of any kind or nature of any tangible or intangible property, whether real or personal," of Generator One, Boyer, and Mattingly. (Documents Subpoena ¶ 6, ECF No. 55-1.) It is unclear as to how any of the documents that are responsive to this request could be relevant to Plaintiff's cybersquatting claim, or any of the other claims in this case. Because Plaintiff fails to explain how these documents are relevant to the claims or defenses in this case, the court grants the motions to quash with respect to Document Requests Nos. 4, 5 and 6.

### III. CONCLUSION

For the foregoing reasons, the court grants the Motions to Quash (ECF Nos. 52, 54), and denies Plaintiff's Motion to Compel (ECF No. 55).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 9, 2022